UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.J. STEPHEN GARCIA also known as SCOTT JONES,<br><br>Plaintiff,<br><br>v.<br><br>ANGELIQUE ASHBY,<br><br>Defendant. | No. 2:19-cv-00570-JAM-CKD (PS)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff S.J. Stephen Garcia also known as Scott Jones, who proceeds in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court lacks federal subject matter jurisdiction over the action. Thus, the court recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed in forma pauperis in this court be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiff's complaint is frivolous and fanciful. For example, plaintiff asserts that "people died and left me in their will" and that the relief he is due "has to be added up, because 999,999 zillion people died 10 times." (ECF No. 1 at 5-6.) Plaintiff further asserts that he has been hired as the accountant for the Sacramento City Mayor's Office and that according to his contract "If I don't show up in three years, [t]he office is hereby required to hire a private investigator to find me so I could come in to work to do the books accounting." (ECF No. 1 at 7.) It appears that plaintiff is attempting to state claims of breach of contract and fraud. (Id. at 7-10.)

Plainly, the court does not have federal question jurisdiction over this action because plaintiff does not assert any federal claims against defendant. Indeed, breach of contract and fraud claims are governed by state law. However, there is no diversity of citizenship jurisdiction because both plaintiff and defendant are citizens of California. Therefore, the court recommends that the action be dismissed without prejudice for lack of federal subject matter jurisdiction.

Moreover, leave to amend would be futile due to the frivolous nature of plaintiff's claims. Nothing in the complaint suggests that plaintiff could plausibly state a federal claim against defendant.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED without prejudice for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed in forma pauperis in this court (ECF No. 2) be DENIED

AS MOOT.

3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

Dated: April 18, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14